IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JAMES W. FORD,

    Plaintiff,

vs.      Civil No. 04-2977-Ma/P

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

**ORDER GRANTING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>**
**ORDER DENYING APPOINTMENT OF COUNSEL**
**AND**
**ORDER TO EFFECT SERVICE OF PROCESS**

---

Plaintiff James W. Ford filed a <u>pro</u> <u>se</u> complaint pursuant to 42 U.S.C. § 405(g) on December 1, 2004, accompanied by an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and a motion for appointment of counsel. Based on the information set forth in the Plaintiff's affidavit, the motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED. The Clerk shall record the Defendant as Michael J. Astrue, Commissioner of Social Security.

With respect to the motion seeking appointment of counsel, 28 U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] However, "[t]here is no constitutional or . . . statutory right to counsel

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989).

in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2] Based on the record, the Court is unable to conclude that Plaintiff has satisfied that standard. Moreover, this case does not appear to be complex. The court finds that there are no exceptional circumstances to warrant appointment of counsel, and thus the motion for appointment of counsel is DENIED.

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

It is ORDERED that the Clerk shall issue process for the Defendant and deliver said process to the marshal for service. Service shall be made on the Defendant pursuant to Fed. R. Civ. P. 4(i)(2)(A).

It is further ORDERED that the Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the Defendant, or on the Defendant if she has no attorney. The Plaintiff shall make a certificate of service on every document filed. The Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules. The Plaintiff must promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 4, 2008
Date